**Greg A. HORTON, Plaintiff–Appellant,**

v.

**State of ALASKA WILDWOOD
CORRECTIONAL CENTER,
Defendant–Appellee.**

No. 11–35683.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 30, 2012.*

Filed Sept. 5, 2012.

Sonja Kathleen Redmond, Law Office of
Sonja Redmond, Soldotna, AK, pro se.

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

Jessica Leeah Srader, Assistant Attorney General, Office of the Alaska Attorney General, Juneau, AK, for Defendant–Appellee.

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

### MEMORANDUM **

Plaintiff Greg Horton appeals from the district court's dismissal of his suit against Defendant State of Alaska Wildwood Correctional Center. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Supreme Court has already decided the question before us, and has held that Congress did not validly abrogate the states' Eleventh Amendment immunity under Title I of the ADA. *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

*United States v. Georgia,* in which the Supreme Court held that Congress had validly abrogated the states' Eleventh Amendment immunity through Title *II* of the ADA, does not apply to this case. 546 U.S. 151, 159, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006). The Supreme Court has explained the "significant differences" between Title I and Title II of the ADA, and noted that Title II, unlike Title I, looks to enforce a multitude of very basic constitutional rights, like the right of access to the courts. *Tennessee v. Lane,* 541 U.S. 509, 522–23, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). Thus, *Georgia* does not apply to this case.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.